IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA MICHELLE SKIRBLE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-238 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 22nd day of August, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's argument centers around her contention that the Administrative Law Judge ("ALJ") erred in failing to properly consider the effects from her migraine headaches in formulating her residual functional capacity ("RFC"). The Court disagrees and finds that substantial evidence supports the ALJ's decision and, therefore, it will affirm.

The crux of Plaintiff's argument is that the ALJ did not really account for her migraine headaches at all in the RFC, or at least did not address the most obvious vocational impact, which is that she would be absent and/or off task while experience such a headache. She points to her own testimony that she experiences 4-5 migraines per month, each lasting 4-5 days, and that during such a headache, she must lie flat in a dark room with cold compresses. (R. 57-58). She argues that her testimony is supported by the medical evidence demonstrating her consistent treatment for migraine headaches, including the April 6, 2020 opinion of Dr. Michael J. Platto. (R. 1707-08).

The Court, at the outset, notes that Plaintiff's claim that the ALJ did not account for her headaches at all in the RFC is based on the assumption that each limitation included in a claimant's RFC must have some one-to-one correlation with a specific severe impairment. The regulations contain no such requirement. The RFC formulated by the ALJ here was quite restrictive, and it is not apparent that he ignored Plaintiff's headaches all together in crafting it. Indeed, he specifically addressed Plaintiff's allegations of migraine headaches and the medical evidence pertaining thereto several times throughout the decision. (R. 20, 23, 25, 26, 27-28).

That said, Plaintiff does make the more specific argument that the ALJ failed to account for the time she would need to be absent and/or off task as a result of her migraines. It is important to remember that, while a claimant's testimony regarding her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Nonetheless, the ALJ expressly cited Plaintiff's testimony as to the frequency of her migraines (R. 23), and, as noted, discussed the medical evidence of those headaches at some length. He found that the medical evidence did not fully support Plaintiff's claims about the intensity, persistence, and limiting effects of her symptoms. (R. 23). The Court finds that this finding was supported by substantial evidence. Indeed, the objective medical evidence and treatment records, in general, provide little insight as to the frequency of Plaintiff's headaches; in fact, there is some ambiguity as to the actual nature of these headaches. (R. 1231, 1305).

There is one item in the record that addresses the absences and/or off-task time Plaintiff's migraines would require – the opinion of Dr. Platto. Plaintiff argues that the ALJ failed to properly evaluate this medical opinion evidence. She is correct, of course, that for cases such as this one, filed on or after March 27, 2017, the regulations have redefined what constitutes a medical opinion, how ALJs consider medical opinions, and the way ALJs discuss medical

opinions in their decisions.  *See* 20 C.F.R. §§ 404.1513, 416.913.  ALJs no longer assign "weight" to medical opinion evidence.  Rather, an ALJ is to consider the opinion's persuasiveness.  *See id.* at §§ 404.1520c(b), 416.920c(b).  Five factors are at the ALJs' disposal as they determine persuasiveness, of which they must address the two most important factors – supportability and consistency.  *See id.* at §§ 404.1520c(a)-(c), 416.920c(a)-(c); 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  When an ALJ finds that two or more medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, he or she will then articulate how the remaining three factors were considered, including relationship with the claimant, specialization, and other factors such as familiarity with the other evidence in the claim or an understanding of the Social Security Administration's policies and evidentiary requirements.  *See* 20 C.F.R. §§ 404.1520c(b)(3) and 416.920c(b)(3).

   Plaintiff suggests that these regulations create a two-step process:  First, an ALJ must explain which medical opinions are persuasive.  Plaintiff asserts that "opinions must be found to be either persuasive or not persuasive; the regulations do not provide additional gradations of persuasiveness that an ALJ must consider at the first step." (Doc. No. 16, p. 16).  Second, if the ALJ has found multiple opinions to be persuasive, he or she then "break[s] the tie" by applying the factors set forth in Sections 404.1520c(b)(3) and 416.920c(b)(3) – relationship with the claimant, specialization, and other factors – to determine which of the "persuasive" opinions is most persuasive.  (*Id.*).  In essence, Plaintiff is contending that the ALJ first makes the binary decision of whether an opinion is persuasive or not persuasive by applying the two "most important factors" of supportability and consistency, and then applies the remaining factors to separately "rank" the opinions in the order of persuasiveness.  This is simply not consistent with the language of the regulations.

   Sections 404.1520c(b) and 416.920c(b) provide:  "We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."  ALJs, therefore, do not simply determine ***whether*** an opinion is persuasive or not, but rather ***how*** persuasive it is.  This very clearly contemplates a spectrum of persuasiveness and not merely a "thumbs up" or "thumbs down" on whether an opinion is persuasive.  Moreover, Sections 404.1520c(b)(2) and 416.920c(b)(2) expressly state that supportability and consistency "are the most important factors we consider when we determine ***how*** persuasive we find a medical source's medical opinions or prior administrative medical findings to be." (emphasis added).  This is not to say that the remaining factors are not relevant, but simply that they are secondary to supportability and consistency.  In the event that two or more opinions regarding the same issue are "equally" well-supported and consistent with the record, then a more focused analysis of the remaining factors is warranted.  *Id.* at §§ 404.1520c(b)(3) and 416.920c(b)(3).  Again, the regulations do not state that if two or more opinions are supported and consistent with the record that this additional analysis will be triggered, but only if they are ***equally*** supported and consistent.  This, again, clearly contemplates that ALJs can and will find opinions to be of varying degrees of persuasive in applying Sections 404.1520c(b)(2) and 416.920c(b)(2).

   In any event, the ALJ here adequately articulated his consideration of the persuasiveness of the medical opinion evidence, including that from Dr. Platto.  In fact, the ALJ found Dr.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:       Counsel of record

---

Platto's opinion to be "partially persuasive," except for the sections regarding Plaintiff's need to be absent and/or off task, because of its consistency with the objective medical evidence and Plaintiff's daily activities.  (R. 28).  The Court notes that it is questionable whether opinions as to how many days of work a claimant will miss or how often he or she will be off task truly constitute medical opinions.  *See Rush v. Comm'r of Soc. Sec.*, No. CV 18-10612, 2018 WL 6175374, at *3 (E.D. Mich. Oct. 5, 2018); *Long v. Berryhill*, No. 1:16-CV-485-CHS, 2018 WL 1162621, at *5 (E.D. Tenn. Mar. 5, 2018); *Stojic v. Comm'r of Soc. Sec.*, No. 1:14-CV-1133, 2015 WL 9238986, at *4 (W.D. Mich. Dec. 17, 2015) (stating that "predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion").  Moreover, the ALJ also relied on six other medical opinions, none of which included the limitations as to attendance and pace contained in Dr. Platto's opinion.  Balancing the evidence, including the varying opinions, is precisely what an ALJ is supposed to do.  *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) ("Surveying the medical evidence to craft an RFC is part of an ALJ's duties."); *Mays v. Barnhart*, 78 Fed. Appx. 808, 813 (3d Cir. 2003).  Overall, therefore, the Court finds that the ALJ's analysis properly complied with the directives of Sections 404.1520c and 416.920c.

The Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Here, the ALJ considered and discussed the objective medical evidence, Plaintiff's testimony, and the medical opinion evidence.  As mentioned above, his RFC findings were supported by several different medical opinions.  All of this constitutes substantial evidence in support of the ALJ's findings.  Accordingly, for the reasons set forth herein, the Court affirms.